# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM ROBERTS, <br><br> Plaintiff, <br><br> v. <br><br> GAVIN NEWSOM et al., <br><br> Defendants. | Case No. 5:20-cv-01810-CJC (MAA) <br><br> **ORDER OF DISMISSAL** |

## I. SUMMARY OF PROCEEDINGS

On June 15, 2020, Plaintiffs Narvis Nonnette, William Roberts, and Richard Cooper filed a *pro se* putative class action lawsuit in this Court as case no. 5:20-cv-01218-CJC-MAA, alleging violations of their civil rights pursuant to 42 U.S.C. § 1983 ("*Nonnette*"). (*Nonnette* Compl., ECF No. 1.) On June 19, 2020, the Court advised the *Nonnette* plaintiffs that a putative class action lawsuit cannot be brought *pro se*, that multiple inmate *pro se* plaintiffs cannot bring a single lawsuit in this Court, and that each plaintiff separately is required to pay the full filing fee or submit an application to proceed *in forma pauperis*. (ECF No. 4.) The Court ordered each plaintiff to advise whether he wanted to proceed with the *Nonnette* lawsuit, dismiss his claims, or sever his claims into a separate prisoner civil rights

action. (*Id.*) On August 28, 2020, Plaintiff William Roberts ("Plaintiff") requested that his claims be severed from the *Nonnette* case. (*Nonnette* ECF No. 13.) On August 31, 2020, the Court granted Plaintiff's request to sever his claims and directed the clerk to docket the *Nonnette* Complaint in a new lawsuit with a new case number. (*Nonnette* ECF No. 14.)

On September 3, 2020, the *Nonnette* Complaint was filed in this case solely with respect to Plaintiff's claims. (Compl., ECF No. 1.) After multiple applications to proceed *in forma pauperis*, on February 5, 2021 the Court granted Plaintiff's amended Request to Proceed Without Prepayment of Filing Fees with Declaration of Support. (ECF No. 19.)

On February 11, 2021, the Court screened the Complaint pursuant to 28 U.S.C. §§ 1915A(b), 1915(e)(2)(B) and dismissed the Complaint with leave to amend ("Order"). (Order, ECF No. 21.) The Order provided that "[n]o later than **March 15, 2021**, Plaintiff must either: (1) file a First Amended Complaint ("FAC") that addresses the deficiencies set forth above; or (2) advise the Court that Plaintiff does not intend to pursue this lawsuit further and will not file a FAC." (*Id*. at 4–5.) The Order "**advised that failure to comply with this order w[ould] result in a recommendation that the lawsuit be dismissed without prejudice for failure to prosecute and/or comply with court orders**. *See* **Fed. R. Civ. P. 41(b); C.D. Cal. L.R. 41-1.**" (*Id*. at 5.)

On April 6, 2021, in the absence of a filed FAC, the Court issued an Order to Show Cause ("OSC"), ordering Plaintiff to show cause by May 6, 2021 why the Court should not recommend that the case be dismissed for want of prosecution. (OSC, ECF No. 22.) The OSC stated that if Plaintiff filed a FAC or dismissed the case before that date, the OSC would be discharged. (*Id*.) The OSC "**advised that failure to comply with this order w[ould] result in a recommendation that the lawsuit be dismissed without prejudice for failure to prosecute and/or comply with court orders.** *See* **Fed. R. Civ. P. 41(b); C.D. Cal. L.R. 41-1.**" (*Id*.)

On April 19, 2021, the OSC was returned to the Court as undeliverable by the U.S. postal service. (ECF No. 23.) The returned envelope was stamped with "NOT IN CUSTODY, RETURN TO SENDER." (*Id.*)

To date, Plaintiff has failed to file a FAC, failed to respond to either the Order or OSC, and has not updated his address with the Court. Indeed, Plaintiff has not communicated with the Court since February 1, 2021.

## II. LEGAL STANDARD

Central District of California Local Rule 41-6 states:

> A party proceeding *pro se* must keep the Court and all other parties informed of the party's current address as well as any telephone number and email address. If a Court order or other mail served on a *pro se* plaintiff at his address of record is returned by the Postal Service as undeliverable and the *pro se* party has not filed a notice of change of address within 14 days of the service date of the order or other Court document, the Court may dismiss the action with or without prejudice for failure to prosecute.

C.D. Cal. L.R. 41-6.

District courts may dismiss cases *sua sponte* for failure to prosecute or for failure to comply with a court order under Federal Rule of Civil Procedure 41(b). *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962) (holding that the court has "inherent power" to dismiss cases *sua sponte* for lack of prosecution). Unless the Court states otherwise, a dismissal under Rule 41(b) operates as an adjudication on the merits. Fed. R. Civ. P. 41(b). "Dismissal is a harsh penalty and is to be imposed only in extreme circumstances." *In re: Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting *Malone v. USPS*, 833 F.2d 128, 130 (9th Cir. 1987)).

"A Rule 41(b) dismissal 'must be supported by a showing of unreasonable delay.'" *Omstead v. Dell*, 594 F.3d 1081, 1084 (9th Cir. 2010) (quoting *Henderson*

*v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)). In addition, the court must weigh the following factors in determining whether a Rule 41(b) dismissal is warranted: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002). The Ninth Circuit will "affirm a dismissal where at least four factors support dismissal, or where at least three factors strongly support dismissal." *Dreith v. Nu Image, Inc.*, 648 F.3d 779, 788 (9th Cir. 2011) (quoting *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)). Finally, "in order to warrant a sanction of dismissal, the party's violations of the court's orders must be due to wilfulness or bad faith." *Id*.

### III. ANALYSIS

#### A. The Public's Interest in Expeditious Resolution and the Court's Need to Manage Its Docket

The first and second factors (the public's interest in expeditious resolution of litigation and the Court's need to manage its docket)[1] weigh in favor of dismissal. "Orderly and expeditious resolution of disputes is of great importance to the rule of law." *In re: Phenylpropanolamine*, 460 F.3d at 1227. "The public's interest in expeditious resolution of litigation always favors dismissal." *Pagtalunan*, 291 F.3d at 642 (quoting *Yourish*, 191 F.3d at 990). In addition, district courts "have an inherent power to control their dockets," *In re: Phenylpropanolamine*, 460 F.3d at 1227 (quoting *Thompson v. Hous. Auth. of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986)), and "are best suited to determine when delay in a particular case interferes

---

[1] The first two factors are usually reviewed together "to determine if there is an unreasonable delay." *In re Eisen*, 31 F.3d 1447, 1452 (9th Cir. 1994).

4

with docket management and the public interest." *Yourish*, 191 F.3d at 990 (quoting *Ash v. Cvetkov*, 739 F.2d 493, 496 (9th Cir. 1984)).

Plaintiff has failed to file a FAC or otherwise respond to the Order or OSC, has failed to update his mailing address, and has not otherwise participated in this lawsuit since February 1, 2021. The Court concludes that Plaintiff's inaction and lack of communication with the Court constitute willful unreasonable delay. *See, e.g., Thomas v. Maricopa Cnty. Jail*, 265 F. App'x. 606, 607 (9th Cir. 2008) (holding that district court did not abuse its discretion by dismissing *pro se* prisoner lawsuit for failure to respond to a court order for almost three months). Plaintiff's noncompliance also interferes with the public's interest in the expeditious resolution of this litigation and hinders the Court's ability to manage its docket. *See In re: Phenylpropanolamine*, 460 F.3d at 1227 ("[The Ninth Circuit] defer[s] to the district court's judgment about when a delay becomes unreasonable 'because it is in the best position to determine what period of delay can be endured before its docket becomes unmanageable.") (quoting *In re Eisen*, 31 F.3d at 1451)). The first and second factors favor dismissal.

### B. Risk of Prejudice to Defendants

The third factor (risk of prejudice to the defendants) also weighs in favor of dismissal. "A defendant suffers prejudice if the plaintiff's actions impair the defendant's ability to go to trial or threaten to interfere with the rightful decision of the case." *In re: Phenylpropanolamine*, 460 F.3d at 1227 (quoting *Adriana Int'l Corp. v. Thoeren*, 913 F.2d 1406, 1412 (9th Cir. 1990)). "The law also presumes prejudice from unreasonable delay." *Id*. The risk of prejudice to a defendant is related to a plaintiff's reason for failure to prosecute an action. *Pagtalunan*, 291 F.3d at 642. "Whether prejudice is sufficient to support an order of dismissal is in part judged with reference to the strength of the plaintiff's excuse for the default." *Malone*, 833 F.2d at 131.

Plaintiff continuously has refused to file a FAC without explanation. As Plaintiff has not updated his address with the Court after being released from custody, the Court cannot ascertain Plaintiff's reason for failing to prosecute this lawsuit or comply with Court orders. *See Carey v. King*, 856 F.2d 1439, 1441 (9th Cir. 1988) ("It would be absurd to require the district court to hold a case in abeyance indefinitely just because it is unable, through the plaintiff's own fault, to contact the plaintiff to determine if his reasons for not prosecuting his lawsuit are reasonable or not.") As "a presumption of prejudice arises from the plaintiff's unexplained failure to prosecute," the third factor favors dismissal. *See Hernandez v. City of El Monte*, 138 F.3d 393, 400 (9th Cir. 1998).

### C. Availability of Less Drastic Alternatives

The fourth factor (the availability of less drastic alternatives) also supports dismissal. "The district court need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives." *Henderson*, 779 F.2d at 1424.

The Court considered and implemented less drastic alternatives prior to dismissal. The Court twice warned Plaintiff that failure to file a FAC would result in a recommendation that the action be dismissed for failure to prosecute and/or failure to comply with Court orders pursuant to Federal Rule of Civil Procedure 41(b). (Order 5; OSC.) *See In re: Phenylpropanolamine*, 460 F.3d at 1229 ("Warning that failure to obey a court order will result in dismissal can itself meet the 'consideration of alternatives' requirement."). The Court also extended Plaintiff's deadline to a FAC from March 15, 2021 to May 6, 2021. (OSC.) *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992) (holding that the district court's allowance of an additional thirty days for plaintiff to file an amended complaint was an attempt at a less drastic sanction). As Plaintiff has not provided his updated address to the Court, no alternatives to dismissal currently are available.

6

*See Carey*, 856 F.2d at 1441 (concluding that there was no less drastic sanction available than dismissal where mail addressed to plaintiff was returned by the post office as undeliverable and plaintiff did not provide updated address to court). The fourth factor weighs in favor of dismissal.

### D. Public Policy Favoring Disposition on the Merits

As to the fifth factor, "[p]ublic policy favors disposition of cases on the merits." *Pagtalunan*, 291 F.3d at 643. However, "a case that is stalled or unreasonably delayed by a party's failure to comply with deadlines . . . cannot move toward resolution on the merits." *In re: Phenylpropanolamine*, 460 F.3d at 1228. Thus, "this factor lends little support to a party whose responsibility it is to move a case towards disposition on the merits but whose conduct impedes progress in that direction." *Id.* (internal quotation marks omitted). The case has been stalled by Plaintiff's failure to file a FAC, otherwise respond to the Order or OSC, or update his address with the Court. Still, the public policy favoring the resolution of disputes on the merits is strong and, under the circumstances, outweighs Plaintiff's noncompliance and inaction.

### E. Dismissal Without Prejudice

In summary, Plaintiff's failure to file a FAC or otherwise respond to the Order or OSC, failure to update his mailing address, and failure to otherwise participate in this lawsuit since February 1, 2021 constitute willful unreasonable delay. Four of the Rule 41(b) dismissal factors weigh in favor of dismissal, whereas only one factor weighs against dismissal. "While the public policy favoring disposition of cases on their merits weighs against [dismissal], that single factor is not enough to preclude imposition of this sanction when the other four factors weigh in its favor." *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1022 (9th Cir. 2002). The Court concludes that dismissal of this action for failure

to prosecute and to comply with Court orders is warranted, but, consistent with Rule 41(b) and this Court's exercise of its discretion, the dismissal is without prejudice.

**IV.    CONCLUSION**

    IT THEREFORE IS ORDERED that this lawsuit is DISMISSED without prejudice. No further filings shall be accepted under this case number.

DATED:  June 4, 2021

                                 HON. CORMAC J. CARNEY
                                 UNITED STATES DISTRICT JUDGE

Presented by:

_____
   MARIA A. AUDERO
UNITED STATES MAGISTRATE JUDGE